MOREHEAD MANFG. CO. *v.* WASHTENAW CIRCUIT JUDGE.

1. CORPORATIONS—SALARIES OF OFFICERS—EXCESSIVENESS.
   Whether salaries paid to officers of corporation are excessive may be determined on hearing on merits.

2. SAME—ULTRA VIRES ACTS—TEMPORARY RECEIVER.
   Loans by corporation to officers, whether valid or void, which have not jeopardized the company or interests of stockholders, do not justify appointment of temporary receiver; but further loans of like character, if *ultra vires*, may be enjoined.

3. SAME—COURT MAY ORDER DIVIDEND TO BE PAID.
   Upon proper showing, courts may order directors of corporation to declare dividend out of surplus profits.

4. SAME—DISCRETION OF OFFICERS INTERFERED WITH ONLY IF ABUSED IN BAD FAITH.
   Court is loath to interfere with discretion vested in corporation's officers to declare dividend out of surplus profits unless it clearly appears that discretion is, in bad faith, abused.

5. SAME—COURT MAY RESTRAIN DISSIPATION OF PROFITS.
   Court may restrain dissipation ·of corporation's surplus profits and direct retention thereof in proper case to await judgment of court as to whether same, or some part, should be dispensed in dividends.

6. SAME—APPOINTMENT OF TEMPORARY RECEIVER NOT WARRANTED.
   Failure of corporation's officers to declare dividend and their *ultra vires* acts do not warrant appointment of temporary receiver, where corporation is going concern with large surplus, and its interests and that . of stockholders are not jeopardized.

---

Discretion of directors or corporation as to declaring or paying dividends, or as to place, time and manner of payment, see annotation in 55 A. L. R. 44 *et seq.*

· Mandamus by Morehead Manufacturing Company, a Michigan corporation, and its officers to compel George W. Sample, Washtenaw circuit judge, to set aside an order appointing ·a temporary receiver of plaintiff corporation. Submitted April 21, 1931. (Calendar No. 35,456.) Writ granted June 1, 1931.

*Douglas, Barbour & Wing (Harold B. Desenberg,* of counsel), for plaintiffs.

*Cavanaugh & Burke, Louis E. Burke,* and *Jacob F. Fahrner (Carl A. Lehman,* of counsel), for defendant.

WIEST, J.  Leonard B. Orloff filed a bill in the Washtenaw circuit against the Morehead Manufacturing Company and its officers, in which he alleged mismanagement and *ultra vires* acts by the corporate officers, the existence of surplus profits maintained for the benefit of majority stockholders, and arbitrary refusal to devote the same to payment of dividends, and prayed for restraint, by injunction, the appointment of a temporary receiver for the corporation, and a decree directing dividends to be paid out of the surplus. Restraint was imposed by injunction. Defendants were required to show cause why a receiver should not be appointed, hearing was had thereon, testimony was taken, and the court appointed a temporary receiver "to take full possession of all the property and assets of said Morehead ·Manufacturing Company,  *  *  *  and to have charge and control of, and to operate the business of the said Morehead Manufacturing Company,  *  *  *  ·until the further order of this court."

Upon petition, in behalf of the corporation, we issued our order to the circuit judge to show cause

why he should not set aside the order appointing a receiver. The corporation is a going concern, and, upon a capitalization of $45,000, has paid munificent dividends and accumulated a surplus of $258,665.94. In 1930, it paid a dividend of 35 per cent., in 1929, 45 per cent., and in 1928, 150 per cent. This last was really for 1928, 1927, 1926, and 1925, having been delayed by proceedings in court. Plaintiff obtained 50 shares of the stock from his wife on August 30, 1930, and September 26, demanded that the surplus be distributed to the stockholders, and, October 4th, filed the bill.

The corporation manufactures steam specialties. There are few stockholders and the directors own nearly all of the stock and feel that the welfare of the business and its expansion or adjustment to present industrial conditions require maintenance of the surplus.

The president and general manager receives a salary of $15,000, and also has 15 per cent. on dividends paid. The treasurer receives a salary of $3,600 per year and the secretary $5,350. These salaries are asserted to be excessive. The treasurer borrowed $15,000 from the company, he owns 1,600 shares of stock and put up collateral security for the loan. The son of the treasurer borrowed $5,000 and gave collateral security. Comparatively small loans were made to employees in order to preserve the sales organization. It is claimed that such loans to officers of the company were *ultra vires,* and evidence an intention to maintain the surplus for private convenience.

Whether the salaries paid the officers are excessive or not must await the hearing on the merits. The loans to officers, whether valid or void, have not jeopardized the company or the interests of

stockholders to an extent justifying a receiver. Further loans of like character, if *ultra vires,* can be enjoined.

Upon a proper showing, courts may order the directors of a corporation to declare a dividend out of surplus profits. This court so ordered in *Dodge v. Ford Motor Co.,* 204 Mich. 459 (3 A. L. R. 413). We are not, at this time, concerned with the question of when such may be ordered, and merely state that, while the court has power, it will not infringe upon the discretion vested in corporate officers, and in any instance is loath to act unless it is clearly made to appear that the discretion is, in bad faith, abused. This subject, however, is far removed from the action taken in the case at bar in the appointment of a temporary receiver of a successful corporation and placing all its affairs in charge of an officer of the court. Courts may restrain dissipation of surplus profits and direct the retention thereof in a proper case to await the judgment of the court as to whether the same, or some part thereof, should be dispensed in dividends. But no court, upon the record before us, should appoint a temporary receiver. The order appointing a temporary receiver ought not to have been granted, constitutes an unwarranted interference with corporate power, supplants corporate management without need, and is highly detrimental to the corporate existence.

The circuit judge is directed to vacate the order appointing a temporary receiver. Plaintiff herein will recover costs against plaintiff in the equity suit.

Clark, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred. Butzel, C. J., did not sit.