## GOODSPEED *v.* GOODSPEED.

1. CORPORATIONS—MINORITY STOCKHOLDERS—NOTICE.

   In suit by minority stockholder, an incorporator, against corporation and its directors for accounting as to excessive salaries, improper investments and illegal charges, plaintiff *held,* chargeable with knowledge as to acts now sought to be reviewed since he was in a position to have full information relative thereto.

2. SAME—DIRECTORS—MISMANAGEMENT—LIMITATION OF ACTIONS.

   General corporation act considers directors as fiduciaries in the management of corporate affairs and control of officers and agents and limitations therein on actions by shareholders against delinquent directors and officers is to prevent sleeping on known rights, awaiting an accumulation of acts of mismanagement over a period of years and then asking court to review and readjust corporate affairs (Act No. 327, § 47, Pub. Acts 1931).

3. SAME—DIRECTORS—LIMITATION OF ACTIONS.

   Limitations on actions by stockholders against directors of a corporation does not destroy any vested rights but merely puts in concrete form the doctrine of laches, and provides a reasonable time for commencement of suit (Act No. 327, § 47, Pub. Acts 1931).

4. SAME—LIMITATION OF ACTIONS.

   Limitation of action against directors in general corporation act *held,* bar to suit for accounting by minority stockholder as to all grounds of complaint occurring prior to two years before commencement of suit (Act No. 327, § 47, Pub. Acts 1931).

5. SAME—POWERS—PURCHASE OF SECURITIES—ULTRA VIRES.

   Purchase of stocks and bonds by theatre corporation which continued operation under general corporation act *held,* not *ultra vires* as to purchases made after effective date of act (Act No. 327, § 10, Pub. Acts 1931).

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J.   Submitted June 5, 1935.

(Docket No. 39, Calendar No. 38,379.)    Decided October 11, 1935. Rehearing denied October 30, 1935.

Bill by Theron H. Goodspeed against John W. Goodspeed, Harrison L. Goodspeed, Walter S. Goodspeed and Isis Theatre Company, a Michigan corporation, to recover funds unlawfully diverted, an accounting, and other relief. From decree rendered, plaintiff appeals. Defendants John and Harrison Goodspeed and Isis Theatre Company cross-appeal. Modified and affirmed.

*Norris, McPherson, Harrington & Waer*, for plaintiff.

*Travis, Merrick, Johnson & McCobb*, for defendants.

WIEST, J. Two brothers, plaintiff and defendant John W. Goodspeed, were at one time copartners, then organized a real estate company and later, in 1915, with William and George Nichols, organized the Isis Theatre Company, a corporation, to construct and operate a theatre at Grand Rapids. John W. Goodspeed assumed management of the corporate affairs, inclusive of fixing his own and the salaries of others. This went on for many years and then plaintiff filed the bill herein to have the court review such management and hold defendants to account for alleged excess salaries, gifts, improper investments of corporate funds, illegal charges and payments.

Upon a hearing the court decreed some items to be refunded and declined to interfere with others.

All parties, except Walter S. Goodspeed, have appealed.

During the years of corporate management now complained of plaintiff was in a position to have full

information relative to the acts now sought to be brought to court review, and must be held chargeable with knowledge thereof.

It is, therefore, contended by defendants that the subject matter is stale and plaintiff is barred by laches and the statute of limitations contained in the Michigan general corporation act (Act No. 327, § 47, Pub. Acts 1931).

The remedy plaintiff now seeks was available as each occasion for complaint arose and correction should have been seasonably sought. This suit was commenced in April, 1934.

Act No. 327, Pub. Acts 1931, known as the Michigan general corporation act, after defining duties and obligations of corporate directors and managing officers, in section 47, provides:

"Action may be brought by the corporation, through or by a director, officer, or shareholder, * * * against one or more of the delinquent directors, officers, or agents, for the violation of, or failure to perform, the duties above prescribed or any duties prescribed by this act, whereby the corporation has been or will be, injured or damaged, or its property lost, or wasted, or transferred to one or more of them. * * * No director or directors shall be held liable for any delinquency under this section after six years from the date of such delinquency, or after two years from the time when such delinquency is discovered by one complaining thereof, whichever shall sooner occur."

This statute considers directors as fiduciaries and trustees "in the management of the business, affairs, and property of the corporation, and in the selection, supervision and control of its committees and of the officers and agents of the corporation," and its purpose is to prevent sleeping on known rights, awaiting an accumulation of acts of misman-

agement over a period of many years and of then asking the court to review and readjust the corporate affairs.

· Plaintiff either knew or, at least, under the evidence, is chargeable with concurrent knowledge of all acts now complained of, and he waited more than two years after the effective date of the mentioned statute of limitations to bring the suit at bar.

The statute does not destroy any vested rights. The limitation provided a reasonable time for the commencement of this suit before the bar became effective and, considering the disclosed circumstances, violates no rights of plaintiff. See *Wheeler v. Jackson,* 137 U. S. 245 (11 Sup. Ct. 76).

The statute merely puts in concrete form the doctrine of laches. It commenced to run against plaintiff from its effective date and barred all grounds of complaint existing for more than two years prior to institution of this suit in April, 1934.

It was not *ultra vires* for the corporation to purchase stocks and bonds after the effective date of the mentioned act. See section 10 of that act.

The bill is dismissed, with costs to the appealing defendants.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.