CARR *v.* NATIONAL DISCOUNT CORPORATION.

1. GARNISHMENT—STATUTES—NATURE OF REMEDY.

   Proceeding in garnishment is special and statutory, affording a harsh remedy, and one pursuing it must bring himself within the statute and follow its mandates (3 Comp. Laws 1929, § 14857).

2. SAME—CONTRACTS—JUDGMENTS.

   Garnishment may be maintained only upon actions arising upon contract or on judgments or decrees (3 Comp. Laws 1929, § 14857).

3. SAME—TORTS—CONSPIRACY—JUDGMENTS.

   Where declaration in principal case charged defendant with directing the arrest of plaintiff's husband by conspiracy with a city police department, causing plaintiff to pay defendant a sum of money sought to be recovered, order dismissing garnishment before obtaining judgment was proper, since the basis of plaintiff's action is tort and not contract (3 Comp. Laws 1929, § 14857).

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted January 9, 1948. (Docket No. 56, Calendar No. 43,819.) Decided February 16, 1948.

Action by Dorothy Carr against National Discount Corporation, an Indiana Corporation, for money paid to secure release of her husband. Ancillary garnishment proceedings dismissed on motion of defendant. Plaintiff appeals. Affirmed.

*Hugh Kenneth Davidson,* for plaintiff.

*Louis Rosenzweig,* for defendant.

SHARPE, J. This is an appeal from an order dismissing a garnishment and releasing the garnishee defendant.

The facts are not in dispute and are as follows: On April 8, 1947, plaintiff began her cause of action by the filing of a declaration against defendant company. The basis of the action was that on October 18, 1946, the defendant, its servants and agents unlawfully caused plaintiff's husband, Anthony Carr, to be arrested by the police department of the city of Hamtramck and in combination with said police department held the person of Anthony Carr from October 18, 1946, until October 21, 1946, for the purpose of extorting from said Anthony Carr certain sums of money claimed by defendant company to be due from Anthony Carr to defendant company; and that because of such action taken by defendant company she (plaintiff) paid to defendant company the sum of $2,210 on October 21, 1946, and therefore claims recovery in the sum of $3,000.

On April 11, 1947, plaintiff signed an affidavit for a writ of garnishment directed to the National Bank of Detroit. On April 25, 1947, the National Bank of Detroit filed its disclosure and on April 17, 1947, defendant company filed a motion to quash the writ of garnishment for the following reasons:

"1. That the declaration filed in this cause shows that the cause of action arises out of a tort and not upon contract;

"2. That the declaration filed in this cause does not disclose any basis upon which a writ of garnishment can be issued or sustained;

"3. That plaintiff's cause of action does not arise upon contract nor for damages in any given amount arising out of contract."

On May 20, 1947, the trial judge entered an order quashing the garnishment proceedings. Plaintiff appeals.

Proceeding in garnishment is special and statutory, affording a harsh remedy, and one pursuing it must bring himself within the statute and follow its mandates. *W. H. Warner Coal Co.* v. *Nelson,* 204 Mich. 317; *Weber* v. *Wayne Circuit Judge,* 217 Mich. 561; *Detroit Independent Oil Co.* v. *Miller,* 235 Mich. 191; *People's Wayne County Bank* v. *Stott,* 246 Mich. 540 (64 A. L. R. 427).

The statute relating to garnishment (3 Comp. Laws 1929, § 14857 [Stat. Ann. § 27.1855]), provides:

"In all personal actions arising upon contract brought in the several courts or in municipal courts of civil jurisdiction, whether commenced by declaration, writs of capias, summons or attachment, and in all cases where there remains any sum unpaid upon any judgment or decree rendered in any of the several courts hereinbefore mentioned or upon any transcript of a judgment filed in said courts * * * a writ of garnishment shall be issued."

The rule followed in Michigan is that garnishment may be maintained only upon actions arising upon contract.

In *Talbert* v. *Solventol Chemical Products, Inc.,* 304 Mich. 557, we said:

"By the express terms of the statute garnishment is not permissible in tort actions, but only in 'personal actions arising upon contract' or in suits on judgments or decrees. 3 Comp. Laws 1929, § 14857 (Stat. Ann. § 27.1855)."

The declaration filed in the case at bar charges the defendant company with directing the arrest of plaintiff's husband by conspiracy with the Hamtramck police department. The basis of plaintiff's action is tort and not contract. The trial court was correct in quashing the writ of garnishment.

The order dismissing the garnishment is affirmed, with costs to defendant.

BUSHNELL, C. J., and BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.