Isidore D. WOLF, Appellant,

v.

Don D. THOMAS et al., Appellees.

No. 13806.

United States Court of Appeals
Sixth Circuit.

Nov. 13, 1959.

William E. Haudek, New York City, William S. Frank, Detroit, Mich., Pomerantz, Levy & Haudek, New York City, on brief, for appellant.

Fred J. Schumann, Detroit, Mich., Joseph J. Marshall, Armstron, Helm, Marshall & Schumann, Detroit, Mich., on brief, for appellees.

Before McALLISTER, Chief Judge, and MILLER and WEICK, Circuit Judges.

PER CURIAM.

This stockholders' derivative action was brought by the appellant against the appellees, challenging the validity of the exercise by the appellee Thomas, president of the appellee Clinton Machine Company, of an option granted to him by the appellee corporation for the purchase of 100,000 shares of stock of the appellee corporation.

Appellant contends that the individual appellees were officers and directors of the Clinton Machine Company and that, in violation of their fiduciary duties and solely in the interest of the appellee Thomas, they authorized and approved the execution of said option at a price of $1\frac{7}{8}$ dollars per share instead of at the price of $2\frac{7}{8}$ dollars per share, as called for by the option. Appellant asks that the transaction be declared null and void and be set aside, and that the individual appellees be ordered to account for and

pay over to the company all damages to the company and all profits to themselves flowing from the illegal transaction.

In addition to defending the action on its merits, the appellees pleaded the statute of limitations and laches on the part of the appellant. The facts were not in dispute, being established by affidavits, documentary evidence, and a stipulation. The District Judge sustained appellees' motion for summary judgment, from which ruling this appeal was taken.

■ In entering the order the District Judge did not file an opinion or refer to authorities in support of his ruling. We are not able to tell from the record whether the ruling was on the merits or by reason of the special defenses. It is the better practice and helpful to the parties and to the Court of Appeals for the trial court to state its reasons in deciding a case involving the issues about which there is disagreement between the parties. Baltimore & Ohio Railroad Co. v. United States, 279 U.S. 781, 787, 49 S.Ct. 492, 73 L.Ed. 954; Cleveland, Cincinnati, Chicago & St. Louis Railway Co. v. United States, 275 U.S. 404, 414, 48 S.Ct. 189, 72 L.Ed. 338. However, if the judgment is correct, although for a different reason than that relied upon by the District Judge, it should be affirmed. Helvering v. Gowran, 302 U.S. 238, 245, 58 S.Ct. 154, 82 L.Ed. 224; J. E. Riley Investment Co. v. Commissioner, 311 U.S. 55, 59, 61 S.Ct. 95, 85 L.Ed. 36.

■ Although the action was vigorously contested on its merits, we find it unnecessary to rule upon that aspect of the case, in that, in our opinion, the statute of limitations constituted a bar to the action and the judgment should be affirmed on that ground. Sec. 21.47, Michigan Statutes Annotated, Comp. Laws 1948, § 450.47, provides in substance that no director shall be held liable for any delinquency in his fiduciary duties "after two years from the time when such delinquency is discovered by one complaining thereof." The present action was filed on March 21, 1956. Ap-

pellant contends that the stock purchase option was improperly exercised in September, 1950. The alleged fiduciary "delinquency" accordingly occurred at that time. The documentary evidence, including financial statements, notices sent to stockholders, and the president's letters to stockholders, which were sent out after the exercise of the option, were sufficient in our opinion to put the appellant upon inquiry about the facts of the case and to constitute "discovery" of the delinquency within the meaning of the statute prior to March 21, 1954, which date was two years before the action was filed. Goodspeed v. Goodspeed, 273 Mich. 87, 262 N.W. 742; Barrows v. J. N. Fauver Co., 280 Mich. 553, 558, 274 N.W. 325; Purdon v. Seligman, 78 Mich. 132, 43 N.W. 1045. The statute is accordingly applicable and the action was barred thereby.

The judgment of the District Court is affirmed.